[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 437.]

OFFICE OF DISCIPLINARY COUNSEL *v*. SIMON.

[Cite as *Disciplinary Counsel v. Simon*, 1994-Ohio-11.]

*Attorneys at law—Misconduct—Public reprimand—Conduct involving dishonesty, fraud, deceit or misrepresentation—Notarizing and witnessing signatures on a deed not signed in his presence.*

(No. 94-1814—Submitted October 11, 1994—Decided December 30, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-42.

_____

{¶ 1} On March 9, 1994, at the request of the son of the grantors of real property located in Delaware County, respondent, Frederick J. Simon of Columbus, Ohio, Attorney Registration No. 0032101, notarized and witnessed the signatures of the grantors on a deed conveying the property. Relator did this outside the presence of the grantors on the representation by the son that the grantors had signed the deed and that the deed was required for a closing later that day.

{¶ 2} The attorney representing the buyers, knowing that the grantors were not in Ohio on that date, questioned the notarization and witnessing of their signatures. The attorney advised his clients to refuse to accept the deed, and, after confirming from respondant that the grantors had not signed the deed in the presence of respondent, referred the matter to the disciplinary counsel, relator.

{¶ 3} On May 20, 1994, relator filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, charging respondent with a violation of DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent admitted all facts and allegations contained in the complaint.

**{¶ 4}** A panel of the board held a hearing on June 16, 1994, and, after deliberating, concluded that respondent had violated DR 1-102(A)(4). The panel noted that respondent had been admitted to the bar in 1959, had worked at the Ohio Real Estate Commission preparing disciplinary actions brought before the commission, had served as Director of Public Safety for the City of Columbus, had chaired the Ohio Liquor Control Commission for eight years, and had privately practiced law, concentrating in real estate law. The panel also noted relator's forthrightness and candor, and that he had not previously been disciplined. The panel recommended that respondent receive a public reprimand.

**{¶ 5}** The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be publicly reprimanded.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F. Craig III*, Assistant Disciplinary Counsel, for relator.

*Frederick J. Simon*, pro se.

_____

*Per Curiam*.

**{¶ 6}** On review, we agree with the board's finding of facts, conclusions of law, and recommendation. Accordingly, we publicly reprimand respondent and tax costs to him.

Judgment accordingly.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting**.

**{¶ 7}** I would dismiss the case.

_____