[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Mecklenborg,* Slip Opinion No. 2014-Ohio-1908.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-1908

DISCIPLINARY COUNSEL *v.* MECKLENBORG.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *Disciplinary Counsel v. Mecklenborg,*

Slip Opinion No. 2014-Ohio-1908.]

*Attorney misconduct—Conduct adversely reflecting on fitness to practice law— Public reprimand.*

(No. 2012-1700—Submitted December 11, 2013—Decided May 8, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 12-011.

_____

**Per Curiam**.

{¶ 1} Respondent, Robert Paul Mecklenborg of Cincinnati, Ohio, Attorney Registration No. 0021203, was admitted to the Ohio bar in 1978.

{¶ 2} On February 13, 2012, relator, disciplinary counsel, filed a complaint alleging that Mecklenborg had been charged with operating a vehicle while under the influence of alcohol ("OWI") and subsequently made false declarations about the pendency of that action on his application to renew his

driver's license. In June 2012, the parties entered into a consent-to-discipline agreement pursuant to BCGD Proc.Reg. 11 and Gov.Bar R. V(11)(A)(3)(c) in which they stipulated that the operative facts as alleged in the complaint are true, that Mecklenborg's conduct violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and that the appropriate sanction for his misconduct is a public reprimand.

{¶ 3} The Board of Commissioners on Grievances and Discipline recommended that we adopt the consent-to-discipline agreement, but we rejected the recommended sanction and remanded the matter for consideration of a harsher sanction. *Disciplinary Counsel v. Mecklenborg,* ___ Ohio St.3d ___, 2013-Ohio-1536, 986 N.E.2d 25. On remand, the parties entered into stipulations of fact and misconduct and submitted stipulated exhibits, including 19 letters from his clients and colleagues attesting to Mecklenborg's good character. The only witness to testify at the panel hearing was Mecklenborg. The parties jointly recommended a six-month suspension, all stayed.

{¶ 4} After the hearing, the panel issued a report adopting the parties' stipulations of fact and misconduct and recommending that Mecklenborg be suspended from the practice of law for six months, all stayed on the condition that he commit no further misconduct.

{¶ 5} On further review, however, the full board concluded that Mecklenborg had not engaged in an intentional act of dishonesty, fraud, deceit, or misrepresentation. Therefore, the board voted to amend the panel's findings of fact and conclusions of law to dismiss the charge alleging a violation of Prof.Cond.R. 8.4(c), adopt the panel's remaining findings of fact and conclusions of law, and unanimously recommended that he be publicly reprimanded for his misconduct.

**{¶ 6}** For the reasons that follow, we adopt the board's findings of fact, conclusions of law, and recommended sanction.

## Misconduct

**{¶ 7}** Mecklenborg had been arrested in Indiana and charged with OWI in April 2011. A blood sample obtained pursuant to Indiana's implied-consent law indicated that Mecklenborg's blood-alcohol level was .097 percent. At his arraignment, his driving privileges in Indiana were suspended because he had refused to take a roadside breath test.

**{¶ 8}** Four days after his arrest and arraignment in Indiana, Mecklenborg appeared at an Ohio Bureau of Motor Vehicles licensing agency and applied to renew his expired Ohio driver's license. As part of the application process, Mecklenborg signed a form containing preprinted statements that his driving privileges had not been suspended, revoked, or canceled and that he did not have pending citations for violations of any motor-vehicle laws or ordinances in Ohio or any other state.

**{¶ 9}** In September 2011, Mecklenborg was charged with, entered a no-contest plea to, and was found guilty of a single violation of R.C. 4507.17 (prohibiting any person whose license is suspended or canceled from applying for or receiving a new license during the suspension or cancellation). The penalty for this misdemeanor violation was a $50 fine.

**{¶ 10}** The parties stipulated that the operative facts as alleged in the complaint are true and that Mecklenborg's conduct violated Prof.Cond.R. 8.4(c) and 8.4(h). The parties further stipulated that Mecklenborg acted on the advice of counsel when he sought to renew his Ohio driver's license while his Indiana OWI case was pending and that he failed to read the entire application before signing it. He testified that he was emotionally upset and embarrassed about the circumstances of his arrest, the publicity it garnered, and the reactions of his family and the public. In response to the media attention, Mecklenborg tendered

his resignation to the Speaker of the Ohio House of Representatives, effective August 2, 2011.

{¶ 11} The panel adopted the parties' stipulations of fact and misconduct and recommended sanction. But the board found that in light of the facts that Mecklenborg had sought and acted on the advice of counsel and signed a preprinted form provided by the Bureau of Motor Vehicles, his conduct did not constitute an intentional act of dishonesty, fraud, deceit, or misrepresentation. On these amended facts, the board voted to dismiss the charge alleging a violation of Prof.Cond.R. 8.4(c), but adopt the panel's finding that Mecklenborg's conduct violated Prof.Cond.R. 8.4(h), and recommended a public reprimand.

{¶ 12} Having thoroughly reviewed the record, including the transcript of Mecklenborg's testimony at the panel hearing, we adopt the board's findings of fact and misconduct and dismiss the charge alleging a violation of Prof.Cond.R. 8.4(c).

### Sanction

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 14} As mitigating factors, the parties have stipulated and the panel and board have found that Mecklenborg (1) has no prior disciplinary record, (2) did not act with a selfish or dishonest motive, (3) has made a full and free disclosure and demonstrated a cooperative attitude in the disciplinary proceedings, (4) has good character and a reputation for significant involvement in the community and is committed to public service, and (5) has been fined for his violation of R.C.

4507.17 and has voluntarily resigned from the Ohio House of Representatives as the result of his misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), (e), and (f). No aggravating factors are present.

{¶ 15} In response to our remand order, and based upon their stipulation that Mecklenborg violated both Prof.Cond.R. 8.4(c) and 8.4(h), the parties recommended that we impose a six-month fully stayed suspension for Mecklenborg's misconduct. Having voted to dismiss the charge alleging a violation of Prof.Cond.R. 8.4(c), however, the board unanimously recommends that we publicly reprimand Mecklenborg for his OWI and negligent misrepresentation of facts on his application to renew his driver's license.

{¶ 16} We have publicly reprimanded attorneys who have notarized documents without having witnessed the signatures—conduct that is arguably more egregious than Mecklenborg's negligent misrepresentation to the Bureau of Motor Vehicles. *See, e.g.*, *Cleveland Bar Assn. v. Russell,* 114 Ohio St.3d 171, 2007-Ohio-3603, 870 N.E.2d 1164 (publicly reprimanding a lawyer who notarized two deeds without having witnessed the grantors' signatures); *Disciplinary Counsel v. Simon*, 71 Ohio St.3d 437, 644 N.E.2d 309 (1994) (publicly reprimanding a lawyer who notarized the signatures of two grantors on a deed, though neither signature had been affixed in the lawyer's presence). Moreover, a panel of 12 appellate court judges has publicly reprimanded a justice of this court who was convicted of driving while under the influence of alcohol. *In re Complaint Against Resnick*, 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31. Thus, we agree that a public reprimand is the appropriate sanction for Mecklenborg's misconduct.

{¶ 17} Accordingly, we publicly reprimand Robert Paul Mecklenborg. Costs are taxed to Mecklenborg.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., dissents and would follow the recommendation of the panel to impose a six-month suspension, all stayed.

_____

Scott J. Drexel, Disciplinary Counsel, and Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, for relator.

Montgomery, Rennie & Jonson and George D. Jonson, for respondent.

_____