[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Rosen,* Slip Opinion No. 2015-Ohio-3420.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3420

DISCIPLINARY COUNSEL *v*. ROSEN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Rosen,* Slip Opinion No. 2015-Ohio-3420.]**

*Attorneys at law—Misconduct—Improperly accessing confidential law-enforcement database—Engaging in conduct that adversely reflects on the lawyer's fitness to practice law—Public reprimand.*

(No. 2015-0278—Submitted March 11, 2015—Decided August 26, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-073.

_____

**Per Curiam.**

{¶ 1} Respondent, Erin Geralyn Rosen of Mason, Ohio, Attorney Registration No. 0071156, was admitted to the practice of law in Ohio in 1999. On October 6, 2014, relator, disciplinary counsel, charged Rosen with professional misconduct for conduct that occurred between August 2007 and

August 2008 while Rosen, then an Assistant Attorney General in the Ohio Attorney General's Office, was serving as general counsel for the Ohio Law Enforcement Gateway ("OHLEG"). OHLEG allows criminal justice agencies and their personnel access to several data systems, some of which contain confidential information reserved for law-enforcement personnel only. Relator alleged that Rosen improperly accessed the OHLEG system to seek information about four individuals that either she or her friends were dating.

{¶ 2} A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[1]

{¶ 3} In the consent-to-discipline agreement, Rosen stipulates to the facts alleged in relator's complaint and agrees that her conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The parties stipulate that the applicable mitigating factors include the absence of a prior disciplinary record, Rosen's cooperative attitude toward the disciplinary proceedings, and her full and free disclosure to the disciplinary board. *See* BCGD Proc.Reg. 10(B)(2)(a) and (d).[2] The parties agree that there are no aggravating factors. Based upon Rosen's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction is a public reprimand.

{¶ 5} The panel and the board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. For precedent, the panel cites a case in which we publicly reprimanded an attorney who also violated Prof.Cond.R. 8.4(h), had similar mitigating factors, and had no aggravating factors. *See Disciplinary Counsel v. Mecklenborg*, 139 Ohio St.3d 411, 2014-Ohio-1908, 12 N.E.3d 411

---

[1] Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

[2] Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

(publicly reprimanding an attorney for operating a vehicle while under the influence of alcohol and negligently misrepresenting facts on an application to renew the attorney's driver's license).

{¶ 6} We agree that Rosen violated Prof.Cond.R. 8.4(h) and that this conduct warrants a public reprimand. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 7} Accordingly, Erin Geralyn Rosen is hereby publicly reprimanded. Costs are taxed to Rosen.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Erin Geralyn Rosen, pro se.

_____