Shaw, J.
{¶ 1} This is an adjudication, pursuant to Gov.Jud.R. 11(2) through (4), of a formal disciplinary complaint filed against an incumbent justice of the Supreme Court of Ohio. In this circumstance, Gov.Jud.R. II(2)(B)(3)(a) provides that the Chief Justice of the Courts of Appeals shall convene the panel described in Gov.Jud.R. 11(4) to “hear and decide” the complaint. Gov.Jud.R. 11(4) provides that all members of the Supreme Court of Ohio are disqualified from hearing or determining any matter in the proceeding and that the Supreme Court shall be composed of a panel consisting of the Chief Justice of the Courts of Appeals and the presiding judge of each of the 12 appellate districts of Ohio. In the event that any one of the 12 presiding judges is unable to serve, the most senior judge of that court of appeals shall serve instead.
{¶ 2} On May 5, 2005, relator, Jeffrey R. McQuiston, was duly appointed as a special investigator by the Chief Justice of the Courts of Appeals and was charged with the task of conducting a complete investigation into an incident involving respondent, Justice Alice Robie Resnick, which occurred on January 31, 2005. The appointment of relator followed the determination of a panel of three presiding judges of the courts of appeals that there was sufficient cause to warrant further investigation into this incident pursuant to Gov.Jud.R. II(2)(B)(2) and (3)(a).
{¶ 3} Based on this investigation, relator filed a formal complaint against respondent on November 7, 2005. In the complaint, relator alleged that respondent’s conduct on January 31, 2005, which led to her arrest and subsequent conviction of the offense of driving a motor vehicle while under the influence of alcohol, violated Canon 2 of the Judicial Code of Conduct, which provides, “A judge shall respect and comply with the law and shall act at all times in a manner *161 that promotes public confidence in the integrity and impartiality of the judiciary.” The day that the complaint was filed, Justice Resnick filed her answer admitting each allegation of the complaint, including the Canon 2 violation.
{¶ 4} Also on November 7, 2005, the parties jointly submitted to this court the “Agreement for Consent to Discipline with Attached Affidavit.” The agreement contains a number of stipulations by relator and respondent. In particular, the parties stipulate to the admission of the facts alleged in the complaint and stipulate that respondent’s conduct on January 31, 2005, violated Canon 2 of the Code of Judicial Conduct. The parties further stipulate to certain matters in mitigation and agree that the recommended sanction in this matter should be a public reprimand, subject to acceptance by this court.
{¶ 5} Attached to the agreement is the personal affidavit of Justice Resnick, in which she admits to the truth of the facts set out in the complaint and the agreement, admits to committing the Canon violation as alleged, admits that grounds exist for the imposition of a sanction upon her, and agrees to the imposition of a public reprimand. Also attached to the agreement as exhibits A and B, respectively, are the judgment entry of respondent’s conviction for driving while under the influence of alcohol and respondent’s curriculum vitae.
{¶ 6} In sum, as a result of this investigation and complaint, relator and respondent now submit their agreement for consent to discipline for approval and final disposition of this matter by the court in lieu of any further hearing. Upon consideration, it is our determination that the agreement for consent to discipline be accepted by the court without further hearing.
{¶ 7} Accordingly, based upon the foregoing complaint, answer, agreement, stipulations, affidavit, and exhibits and the joint recommendation of the parties, it is the unanimous determination of the court by clear and convincing evidence that respondent, Alice Robie Resnick, violated Canon 2 of the Code of Judicial Conduct as alleged in the complaint. It is further the unanimous determination of the court that a public reprimand is the appropriate disciplinary sanction to entirely conclude all aspects of this case.
{¶ 8} Respondent, Alice Robie Resnick, is hereby publicly reprimanded for her conduct on January 31, 2005.
Judgment accordingly.
Doan, Abele, Boggins, Singer, Donofrio, Blackmon, Brown and Ford, JJ., concur.
Fain, C.J., Brogan and Young, JJ., concur separately.
Slaby, J., concurs in judgment.
*162 Mike Fain, C.J. of the Ohio Courts of Appeals Judges Association and of the Second Appellate District.
Rupert A. Doan, J., of the First Appellate District.
James A. Brogan, J., of the Second Appellate District.
Stephen R. Shaw, J., of the Third Appellate District.
Peter B. Abele, J., of the Fourth Appellate District.
John F. Boggins, J., of the Fifth Appellate District.
Arlene Singer, J., of the Sixth Appellate District.
Gene Donofrio, J., of the Seventh Appellate District.
Patricia Blackmon, J., of the Eighth Appellate District.
Lynn C. Slaby, J., of the Ninth Appellate District.
Susan Brown, J., of the Tenth Appellate District.
Donald R. Ford, J., of the Eleventh Appellate District.
William W. Young, J., of the Twelfth Appellate District.