**DISCIPLINARY COUNSEL *v.* BOWLING**.

**[Cite as *Disciplinary Counsel v. Bowling*,**

**127 Ohio St.3d 138, 2010-Ohio-5040.]**

*Attorneys — Violation of a Judicial Canon — Consent to discipline — Public reprimand.*

(No. 2010-1103 — Submitted August 10, 2010 — Decided October 21, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-092.

_____

**Per Curiam**.

{¶ 1} Respondent, Larry Roger Bowling of Wilmington, Ohio, Attorney Registration No. 0040421, was admitted to the practice of law in Ohio in 1988. At all times relevant herein, Bowling served as a magistrate judge in the Clinton County Juvenile/Probate Court. Therefore, he is subject to the Code of Judicial Conduct. 36 Ohio St.2d xxxiv. After respondent was charged with possession of drug paraphernalia and possession of marijuana in December 2008, relator, Disciplinary Counsel, charged him with violations of Canon 2 of the former Code of Judicial Conduct,[1] 36 Ohio St.2d xxi (requiring a judge to respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary) and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects upon the lawyer's fitness to practice law).

{¶ 2} A panel of the Board of Commissioners on Grievance and Discipline considered the cause on the parties' consent-to-discipline agreement.

_____

1. A revised Code of Judicial Conduct took effect March 1, 2009.

See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The panel and board recommend that we accept the agreement, including the agreed stipulations of fact and misconduct and the sanction of a public reprimand. We adopt these findings of fact and misconduct and the recommended sanction.

## Misconduct

{¶ 3} The stipulated facts of this case show that after suffering a debilitating stroke in March 2008, respondent, who had occasionally used marijuana on weekends, began using it on a daily basis as a means of self-medication to alleviate the physical and psychological effects of the stroke. In December 2008, he was cited for possession of marijuana, a minor misdemeanor, and possession of drug paraphernalia, a fourth-degree misdemeanor. By agreement, the drug-paraphernalia charge was dismissed, and the possession-of-marijuana charge was resolved by forfeiture of a $168 bond. Respondent did not plead guilty to, nor was he convicted of, any crime.

{¶ 4} Since being charged with possession of marijuana, respondent has not used alcohol or marijuana or any other illegal substance. He has entered into a five-year contract with the Ohio Lawyers Assistance Program, has completed a two-day detox program followed by a four-day inpatient program at Talbot Hall, an addiction-medicine facility, and has finished a 90-day intensive outpatient program. Respondent attends aftercare meetings at Talbot Hall and 12-step meetings, and he consults with his 12-step sponsor regularly.

{¶ 5} The parties have stipulated and the panel and board have found that respondent's conduct violated Canon 2 of the former Code of Judicial Conduct. Relator has dismissed the alleged violation of Prof.Cond.R. 8.4(h).

## Sanction

**{¶ 6}** In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(A) and (B). Consistent with the parties' stipulations, they found the following factors to be mitigating: (1) no prior disciplinary record, (2) absence of a dishonest or selfish motive, (3) timely good-faith effort to rectify the consequences of his misconduct, (4) full and free disclosure during relator's investigation and a cooperative attitude toward the disciplinary proceedings, and (5) good character and reputation. See BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e). There is no evidence of any aggravating factors. See BCGD Proc.Reg. 10(B)(1).

**{¶ 7}** Both the panel and the board accepted the parties' consent-to-discipline agreement, including the finding of misconduct and the recommended sanction. In a similar case, we publicly reprimanded a justice of this court for violating Canon 2 of the former Code of Judicial Conduct based upon a single conviction for driving a motor vehicle while under the influence of alcohol. See *In re Complaint Against Resnick*, 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31, ¶ 3, 8.

**{¶ 8}** Based upon the foregoing, we agree that respondent violated Canon 2 of the former Code of Judicial Conduct and that consistent with the parties' agreement, this conduct warrants a public reprimand.

**{¶ 9}** Therefore, on the recommendation of the panel and board, we accept the consent-to-discipline agreement and publicly reprimand respondent for his violation of Canon 2 of the former Code of Judicial Conduct. Costs are taxed to respondent.

Judgment accordingly.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Geoffrey Stern and Rasheeda Z. Khan, for respondent.

_____