**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Ohio State Bar Assn. v. Corrigan,* **Slip Opinion No. 2014-Ohio-3678.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3678

OHIO STATE BAR ASSOCIATION *v.* CORRIGAN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Corrigan,* Slip Opinion No. 2014-Ohio-3678.]**

*Judicial misconduct—Driving while under the influence of alcohol—Public reprimand.*

(No. 2013-1960—Submitted January 8, 2014—Decided September 27, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 2013-038.

_____

**Per Curiam**.

{¶ 1} Respondent, Peter James Corrigan of Cleveland, Ohio, Attorney Registration No. 0066104, was admitted to the practice of law in Ohio in 1996. On July 15, 2013, relator, Ohio State Bar Association, charged Corrigan with professional misconduct after he was arrested and pleaded no contest to charges of operating a motor vehicle under the influence of alcohol and impeding the roadway. Corrigan, a judge of the Cuyahoga County Court of Common Pleas, was

discovered slumped over the steering wheel of his vehicle, which was stopped in an intersection, while the vehicle's transmission was in the drive position and his foot was on the brake.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11. An amended consent-to-discipline agreement was subsequently filed that restated the parties' recommended sanction and cited a case in support of that recommendation.[1]

{¶ 3} In the amended consent-to-discipline agreement, Corrigan stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Jud.Cond.R. 1.2 (requiring a judge to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and to avoid impropriety and the appearance of impropriety).

{¶ 4} The parties stipulate that the mitigating factors present include Corrigan's lack of a prior disciplinary record, his full and free disclosure to the disciplinary board, his voluntary participation in the Ohio Lawyers Assistance Program, and the imposition of other penalties, including a three-day jail sentence or driver-intervention program, the payment of a $500 fine and court costs, a one-year driver's license suspension, and a one-year period of community control. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), and (f). The parties do not note any aggravating factors. Based upon these factors, the parties stipulate that the appropriate sanction for Corrigan's misconduct is a public reprimand.

{¶ 5} The panel and board found that the amended consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In support of its recommendation, the panel refers to *In*

---

[1] Since the amended consent-to-discipline agreement submitted by the parties is substantially identical to the original consent-to-discipline agreement, the court will consider the affidavit and exhibits that were submitted with the original agreement as part of the amended agreement.

*re Complaint Against Resnick*, 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31 (a public reprimand was an appropriate sanction for a justice arrested and convicted of driving a motor vehicle while under the influence of alcohol); *Disciplinary Counsel v. Connor*, 105 Ohio St.3d 100, 2004-Ohio-6902, 822 N.E.2d 1235 (a six-month stayed suspension conditioned on compliance with the terms of the lawyers-assistance program was an appropriate sanction for a judge involved in multiple alcohol-related events); *Disciplinary Counsel v. Bowling*, 127 Ohio St.3d 138, 2010-Ohio-5040, 937 N.E.2d 95 (a public reprimand was an appropriate sanction for a magistrate's use of marijuana as a means of self-medication).

**{¶ 6}** We agree that Corrigan violated Jud.Cond.R. 1.2 and, as stated in the parties' amended agreement, that this conduct warrants a public reprimand. Therefore, we adopt the parties' amended consent-to-discipline agreement.

**{¶ 7}** Accordingly, Peter James Corrigan is hereby publicly reprimanded. Costs are taxed to Corrigan.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Brian S. Sullivan, Jessica L. Tobias, and Eugene P. Whetzel, for relator.

Michael E. Murman and Edward G. Kagels, for respondent.

_____