DISCIPLINARY COUNSEL *v*. MARSHALL.

[Cite as *Disciplinary Counsel v. Marshall*, 143 Ohio St.3d 62, 2015-Ohio-1187.]

(No. 2014–1383—Submitted January 14, 2015—Decided April 1, 2015.)

———

**Per Curiam.**

{¶ 1} Respondent, William Tierney Marshall of Portsmouth, Ohio, Attorney Registration No. 0021225, was admitted to the practice of law in Ohio in 1983. At all times relevant herein, Marshall has been an elected judge on the Scioto County Court of Common Pleas. On October 14, 2013, a probable-cause panel of the Board of Commissioners on Grievances and Discipline [1] certified to the board a complaint alleging that Marshall violated Jud.Cond.R. 1.1 (requiring a judge to comply with the law) and 1.2 (requiring a judge to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary) and Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) by operating a vehicle while intoxicated.

{¶ 2} The parties entered into stipulations of fact, misconduct, aggravating and mitigating factors, and sanction. They also jointly moved the panel to waive the scheduled evidentiary hearing. The panel adopted the parties' stipulations—including their recommendation that Marshall be publicly reprimanded for his misconduct—and the board agreed. We adopt the board's findings of fact and conclusions of law and publicly reprimand Marshall for his misconduct.

## Misconduct

{¶ 3} On January 12, 2013, Marshall was involved in a one-car accident in which he struck an embankment and flipped his vehicle. He was later arrested and charged with operating a motor vehicle while intoxicated. On March 8, 2013, he pleaded guilty to the charge and was sentenced to 90 days in jail, with 87 of those days suspended. He was placed on unsupervised probation for up to 60 months and ordered to pay a $550 fine plus court costs. The parties stipulated that Marshall's conduct violated Jud.Cond.R. 1.1 and 1.2, and relator agreed to dismiss the alleged violation of Prof.Cond.R. 8.4(h).

{¶ 4} The panel and board adopted the parties' stipulations of fact and misconduct. We agree that Marshall failed to comply with the law and that his conduct in operating a motor vehicle while intoxicated serves to erode public confidence in the integrity of the judiciary in violation of Jud.Cond.R. 1.1 and 1.2.

## Sanction

{¶ 5} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B).[2] *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 6} The parties stipulated and the board found that none of the aggravating factors listed in BCGD Proc.Reg. 10(B)(1) apply. Stipulated mitigating factors, however, include (1) the absence of a prior disciplinary record, (2) the absence of a dishonest or selfish motive, (3) Marshall's timely good-faith effort to rectify his misconduct by pleading guilty to the charge filed against him at his first court hearing, (4) his cooperation with the disciplinary process, (5) the imposition of other penalties and sanctions against Marshall, including his successfully completed term of probation, and (6) evidence of his good character and reputation apart from the charged misconduct. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), (e), and (f). The panel and board took further note of the fact that Marshall voluntarily contacted the Ohio Lawyers Assistance Program ("OLAP") to address his alcoholism and that he is in full compliance with his OLAP contract.

{¶ 7} Consistent with the parties' stipulations, the board recommends that we publicly reprimand Marshall for his misconduct. In support of that sanction, the board cites *In re Complaint Against Resnick*, 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31 (imposing a public reprimand for a justice arrested and convicted of driving a motor vehicle while under the influence of alcohol); *Disciplinary Counsel v. Connor*, 105 Ohio St.3d 100, 2004-Ohio-6902, 822 N.E.2d 1235 (imposing a six-month suspension on judge involved in multiple alcohol-related incidents, stayed on condition of compliance with OLAP contract); and *Disciplinary Counsel v. Bowling*, 127 Ohio St.3d 138, 2010-Ohio-5040, 937 N.E.2d 95 (publicly reprimanding a magistrate who used marijuana as a means of self-medication).

{¶ 8} Having considered Marshall's misconduct, the mitigating factors present, the absence of aggravating factors, and the sanctions we have imposed for comparable misconduct, we agree that a public reprimand is the appropriate sanction in this case. Accordingly, William Tierney Marshall is publicly reprimanded for violating Jud.Cond.R. 1.1 and 1.2 by operating a motor vehicle under the influence of alcohol. Costs are taxed to Marshall.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Stanley C. Bender, for respondent.