**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Disciplinary Counsel v. Williams,* **Slip Opinion No. 2017-Ohio-9100.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9100

DISCIPLINARY COUNSEL *v.* WILLIAMS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Williams,* Slip Opinion No. 2017-Ohio-9100.]**

*Judges—Misconduct—Jud.Cond.R. 1.3— Abusing prestige of judicial office to advance personal interests—Asserting status as magistrate to avoid arrest during traffic stop—Public reprimand.*

(No. 2017-0796—Submitted August 29, 2017—Decided December 19, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-070.

————————————————

**Per Curiam.**

{¶ 1} Respondent, Cynthia Ann Williams, of Hillsboro, Ohio, Attorney Registration No. 0055541, was admitted to the practice of law in Ohio in 1991.

{¶ 2} In a December 6, 2016 complaint, relator, disciplinary counsel, alleged that Williams abused the prestige of her judicial office to advance her

personal interests in violation of Jud.Cond.R. 1.3 by asserting her status as a magistrate in an attempt to avoid arrest during a traffic stop. Based on the parties' stipulations and Williams's hearing testimony, a panel of the Board of Professional Conduct found that Williams committed the charged violation and recommended that she be publicly reprimanded for her misconduct. The board adopted the panel's findings and recommended sanction.

{¶ 3} We agree that Williams abused the prestige of her judicial office to advance her personal interests and publicly reprimand her for her misconduct.

**Misconduct**

{¶ 4} Williams was appointed as a magistrate of the Highland County Court of Common Pleas, General Division, on July 14, 1997, and on April 1, 2015, she was appointed as a magistrate of that court's probate and juvenile divisions.

{¶ 5} The parties stipulate that on July 9, 2016, at approximately 3:30 a.m., an Ohio State Highway Patrol trooper stopped Williams on State Route 32 in Union Township, Clermont County, Ohio, after observing her vehicle drift to the left of the solid white fog line. The trooper asked Williams to step out of her vehicle and inquired about how much she had had to drink; she stated that she had two beers. When the trooper began to administer the horizontal gaze nystagmus test, Williams stated, "I'm a magistrate." In response, the trooper asked Williams where she was a magistrate, and she replied, "Highland County." Then, the trooper told her that he had to make sure that she was not driving while intoxicated.

{¶ 6} Minutes later, when the trooper was instructing Williams on the walk-and- turn field sobriety test, she told him, "I'm a judge. My son's a Secret Service officer. I would not be driving drunk." After the trooper handcuffed her and informed her that she did not pass the field sobriety test, she said, "Please! I'm a judge. Don't do this to me. I did not flunk this. I didn't flunk it!" Seconds later, when Williams was in the back seat of the trooper's cruiser, she said, "Sir, I'm going to lose my job! Please let me speak to my attorney. Officer! Officer, listen

to me! I may lose my job. Would you please let me speak to my attorney in the car? Please?" She then repeated, "I'm a judge. My son's a Secret Service officer."

{¶ 7} At no time did the trooper solicit information about Williams's judicial status or ask her to provide information that would disclose her judicial status. And the parties stipulate that if the trooper had provided sworn testimony about the incident, he would have testified that he believed that Williams mentioned her judicial status in order to avoid being arrested.

{¶ 8} Williams pled no contest to reckless operation in violation of R.C. 4511.20, a third-degree misdemeanor. The court found her guilty and sentenced her to 30 days in jail, with 27 days suspended; imposed two years of community-control sanctions, including three days at a residential driver's intervention program; and fined her $200 plus court costs. In addition, the court suspended her driver's license for six months but also granted her limited driving privileges.

{¶ 9} The parties stipulated and the board found that by mentioning her position as a magistrate of the Highland County Court of Common Pleas during her traffic stop, Williams violated Prof.Cond.R. 1.3 (prohibiting a judge from abusing the prestige of judicial office to advance the personal or economic interests of the judge).

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), any other relevant factors, and the sanctions imposed in similar cases.

{¶ 11} Here, the parties stipulated that no aggravating factors are present. *See* Gov.Bar R. V(13)(B).

{¶ 12} In mitigation, the parties stipulated and the board found that Williams did not have a prior disciplinary record, demonstrated a cooperative attitude toward the disciplinary process, and presented evidence of her good

character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). The parties also stipulated and the board found that other penalties and sanctions had been imposed for Williams's misconduct. *See* Gov.Bar R. V(13)(C)(6). In addition to the criminal sanctions for her offense, the board noted that she lost her appointment as probate and juvenile magistrate. She also served a two-week suspension without pay from her job as a general-division magistrate, was placed on indefinite probation, and had her salary frozen through at least the end of 2017—resulting in a salary loss of approximately two percent in 2017. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6).

{¶ 13} The parties stipulated that the appropriate sanction for Williams's misconduct is a public reprimand. The board agreed and noted that that sanction is commensurate with the sanctions we have imposed on judges who have engaged in comparable misconduct. For example, in *Ohio State Bar Assn. v. Reid*, we publicly reprimanded a judge who, among other things, violated Canon 2(A) of the former Code of Judicial Conduct (requiring a judge to conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary) by appearing before a city planning commission to support a zoning variance that would benefit a partnership in which he had an ownership interest. 85 Ohio St.3d 327, 329, 708 N.E.2d 193 (1999). We found that because other partners could have presented testimony regarding the zoning request, the judge's testimony was not required but was instead intended to lend the prestige of his office to advance his interests and those of his business partners. *Id.* at 330. And in *In re Complaint Against Resnick*, a panel of appellate-court judges adopted the parties' consent-to-discipline agreement and publicly reprimanded a justice of this court for conduct that led to her arrest for and subsequent conviction of driving a motor vehicle while under the influence of alcohol—conduct that violated Canon 2 of the former Code of Judicial Conduct (requiring a judge to respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity

and impartiality of the judiciary). 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31, ¶ 3-4, 7.

{¶ 14} After independently reviewing the record, we adopt the board's findings of fact and misconduct and agree that a public reprimand is the appropriate sanction for Williams's misconduct.

{¶ 15} Accordingly, we publicly reprimand Cynthia Ann Williams. Costs are taxed to Williams.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, Joseph M. Caligiuri, Chief Assistant Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Jonathan E. Coughlan, for respondent.

_____