**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Doherty*, **Slip Opinion No. 2020-Ohio-1422, 2020-Ohio-1422.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1422

DISCIPLINARY COUNSEL *v*. DOHERTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Doherty*, Slip Opinion No. 2020-Ohio-1422.]**

*Judges—Misconduct—Driving while intoxicated—Jud.Cond.R. 1.2 and 1.3— Failure to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary—Abuse of the prestige of judicial office to advance personal interests—Public reprimand.*

(No. 2019-1736—Submitted January 29, 2020—Decided April 14, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-024.

_____

**Per Curiam.**

{¶ 1} Respondent, Judge Rebecca L. Doherty, of Ravenna, Ohio, Attorney Registration No. 0058416, was admitted to the practice of law in Ohio in 1992. She is a sitting judge of the Portage County Common Pleas Court.

**{¶ 2}** In a May 20, 2019 complaint, relator, disciplinary counsel, alleged that during Doherty's arrest for operating a vehicle while under the influence of alcohol ("OVI") in February 2019, she failed to act in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary and abused the prestige of her judicial office to advance her personal interests.

**{¶ 3}** Based on the parties' stipulations and the testimony of Doherty and her two character witnesses at her hearing before a panel of the Board of Professional Conduct, the board found that Doherty committed the charged misconduct and recommended that she be publicly reprimanded. The board adopted the panel's findings and recommendation.

**{¶ 4}** We accept the board's findings of misconduct and publicly reprimand Doherty for the misconduct described below.

## Stipulated Facts and Misconduct

**{¶ 5}** On February 10, 2019, at approximately 9:00 p.m., in snowy weather conditions, Doherty drove her motor vehicle off the highway and into a ditch. The responding police officer observed vomit inside Doherty's car and a strong odor of alcohol coming from Doherty's person. In response to the officer's questions, Doherty stated that she had driven her vehicle off the side of the road and that she had been drinking alcohol. When the officer asked Doherty to identify herself, she responded with her name and stated several times that she was a Portage County common pleas judge. Doherty was unsteady and almost fell multiple times while walking up the embankment to the side of the road. And after being placed in the back of the cruiser, she exclaimed, "I am so intoxicated[!]"

**{¶ 6}** At the police station, Doherty partially performed one of the three standardized field sobriety tests and refused to take a breathalyzer test. She asked the officers to take her home, and when they did not comply she repeatedly demanded that they call her friend—a local sheriff's deputy. She was arrested and charged with a first-degree-misdemeanor count of OVI.

**{¶ 7}** At her first court appearance, Doherty entered a guilty plea and apologized to the court and the public for her misconduct. She also made a statement to the news media acknowledging her poor judgment and apologizing for its negative reflection on the judiciary. The court sentenced Doherty to 180 days in jail with 177 days suspended, suspended her driver's license for one year, and ordered her to pay a fine of $1,075 with $700 suspended on the conditions that she have no other drug- or alcohol-related convictions for two years and complete a driver-intervention program. Doherty paid her fine and received a three-day jail-time credit in exchange for her having completed the driver-intervention program.

**{¶ 8}** The parties stipulated and the board found that Doherty's conduct violated Jud.Cond.R. 1.2 (requiring a judge to act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary) and 1.3 (prohibiting a judge from abusing the prestige of judicial office to advance the personal or economic interests of the judge).

### Stipulated Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 10}** No aggravating factors are present in this case. *See* Gov.Bar R. V(13)(B). As for mitigating factors, the parties stipulated and the board found that Doherty did not have a prior disciplinary record, had cooperated in the disciplinary process, had other penalties and sanctions imposed for her conduct, and had submitted 13 letters and the testimony of two witnesses attesting to her good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6). The board also found that she had not acted with a dishonest or selfish motive and had made a timely, good-faith effort to rectify her misconduct by pleading guilty and publicly apologizing for her behavior. *See* Gov.Bar R. V(13)(C)(2) and (3). In addition,

Doherty submitted a report from Anderson R. Hawes, L.P.C.C., L.S.W., L.I.C.D., who had assessed her and found that she did not have a substance-abuse disorder, emotional disorder, or psychological disorder and that she was appropriately remorseful about her decision to drink and drive. Hawes concluded that no treatment or counseling was necessary. After reviewing Hawes's report and having an in-depth conversation with Doherty, the Ohio Lawyers Assistance Program concluded that there was no need for Doherty to enter into a contract with the program.

{¶ 11} The board recognized that a judge's operation of a vehicle while intoxicated imperils public confidence in the integrity of the judiciary. It also stated that a judge's repeated nonresponsive statements about being a judge during the judge's arrest is an abuse of the prestige of the office—even when they are "borne of the lip-loosening effects of alcohol." Citing two cases in which then sitting jurists were publicly reprimanded for driving while under the influence of alcohol, the board recommends that we publicly reprimand Doherty for her misconduct in this case. *See Disciplinary Counsel v. Marshall*, 143 Ohio St.3d 62, 2015-Ohio-1187, 34 N.E.3d 110; *In re Complaint Against Resnick*, 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31.

{¶ 12} After independently reviewing the record and relevant precedent, we agree that a public reprimand is the appropriate sanction in this case.

### Conclusion

{¶ 13} Accordingly, Rebecca L. Doherty is publicly reprimanded for the misconduct described above. Costs are taxed to Doherty.

Judgment accordingly.

KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., not participating.

_____

Joseph M. Caligiuri, Disciplinary Counsel, for relator.

Buckingham, Doolittle & Burroughs, L.L.C., and Peter T. Cahoon, for respondent.

————————————