[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Gonzalez*, Slip Opinion No. 2020-Ohio-3259.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3259

DISCIPLINARY COUNSEL *v*. GONZALEZ.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Gonzalez*, Slip Opinion No. 2020-Ohio-3259.]

*Judges—Misconduct—Violations of the Code of Judicial Conduct—Public reprimand.*

(No. 2020-0230—Submitted April 8, 2020—Decided June 11, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-059.

_____

**Per Curiam.**

{¶ 1} Respondent, Judge Alfonso Jesus Gonzalez, of Toledo, Ohio, Attorney Registration No. 0071944, was admitted to the practice of law in Ohio in 2000. On March 18, 2019, he was appointed to the bench of the Lucas County Court of Common Pleas.

{¶ 2} In a November 7, 2019 complaint, relator, disciplinary counsel, alleged that during Gonzalez's arrest for operating a vehicle while under the

influence of alcohol ("OVI") in July 2019, he failed to comply with the law and abused the prestige of his judicial office to advance his personal interests.

{¶ 3} Based on the parties' stipulations and Gonzalez's testimony at a hearing before a panel of the Board of Professional Conduct, the panel found that Gonzalez committed the charged misconduct and recommended that he be publicly reprimanded. The board adopted the panel's findings and recommendation.

{¶ 4} We adopt the board's findings of misconduct and publicly reprimand Gonzalez for the misconduct described below.

### Stipulated Facts and Misconduct

{¶ 5} On July 21, 2019, at approximately 12:51 a.m., Gonzalez was stopped in Findlay by an Ohio State Highway Patrol sergeant for a marked-lanes violation and for failing to signal when exiting the highway.

{¶ 6} The sergeant approached Gonzalez's vehicle, asked for his license and insurance information, and explained the reason for the stop. He then asked Gonzalez why he was driving all over the road. Gonzalez stated that he was trying to get "home," meaning his parents' nearby residence. The sergeant asked Gonzalez to step out of the vehicle, checked him for weapons, and asked him to sit in the front seat of the patrol cruiser.

{¶ 7} Moments later, the following conversation occurred:

> [Gonzalez:] I'm going to tell you who I am.
> [Sergeant:] Alfonso Gonzalez.
> [Gonzalez:] Yes.
> [Sergeant:] Do I need to know more than that?
> [Gonzalez:] Well, yes, I mean, I hate to make this political, and I don't want to go there, but I just got appointed judge in Lucas County by Governor DeWine in March.

{¶ 8} Gonzalez explained that he had been out that evening celebrating his first jury trial and stated, "I'm so embarrassed. I hate to play; I'm not playing that card; I truly do not want to do that." He then said, "Please, please. My parents live about a mile down the road." The sergeant responded, "I understand, but I have a job to do." Gonzalez stated that he understood completely. But later, while still seated in the cruiser, he stated, "I'm not asking for favors, I'm just saying it will kill me, really will. I just got appointed."

{¶ 9} Another trooper responded to the scene. He noted a strong odor of alcohol about Gonzalez's person, bloodshot and glassy eyes, and droopy eyelids, and he observed that Gonzalez was slurring his words. Gonzalez explained to the trooper that he was trying to get to his parents' house about a mile down the road and that he had been drinking with his brother-in-law nearby. He then stated, "Big mistake, I should have been in Lucas County. I'm a judge there. I'm not trying to play that up, but."

{¶ 10} The trooper conducted field sobriety tests and then arrested Gonzalez for OVI in violation of R.C. 4511.19(A)(1)(a). He read Gonzalez his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Gonzalez stated, "I'm going to lose my job * * * I'm a judge. I'm not telling you guys anything that you don't know." Gonzalez then asked, "I can't have my parents pick me up?" The trooper replied that they could pick him up at the patrol post, but Gonzalez continued, "No, before this." Gonzalez then stated, "There's nothing I can do, oh my God you guys are killing me, seriously, I just had a jury trial this week, I mean, I'm not asking for favors I'm just saying is there anything I can do?" The trooper told Gonzalez that he would have to go to court. At the patrol post, Gonzalez refused to provide a chemical sample and was placed under an administrative license suspension pursuant to R.C. 4511.191.

{¶ 11} Three days after the traffic stop, Gonzalez self-reported his conduct to relator, initiating this disciplinary process. He later submitted to a substance-abuse assessment. The psychologist who assessed Gonzalez opined that he did not have a drinking problem, and she did not recommend that he participate in any substance-abuse treatment.

{¶ 12} On August 29, 2019, Gonzalez pleaded guilty to one count of OVI in violation of R.C. 4511.19(A)(1)(a) in the Findlay Municipal Court. He was sentenced to 30 days in jail with 23 days suspended and ordered to complete a driver's-intervention program for five days of jail-time credit as well as a victim-impact-panel program for two days of jail-time credit. He was also ordered to pay a fine of $450 plus costs, and his operator's license was suspended for 365 days, though he was granted limited driving privileges.

{¶ 13} At the time of his disciplinary hearing, Gonzalez had paid his fine and costs and completed all ordered programs. In this proceeding, he has admitted that he was trying to persuade the troopers not to cite him for OVI.

{¶ 14} The parties stipulated and the board found that Gonzalez's conduct violated Jud.Cond.R. 1.1 (requiring a judge to comply with the law) and 1.3 (prohibiting a judge from abusing the prestige of judicial office to advance the personal or economic interests of the judge).

**Stipulated Sanction**

{¶ 15} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 16} No aggravating factors are present in this case. *See* Gov.Bar R. V(13)(B). As for mitigating factors, the parties stipulated and the board found that Gonzalez does not have a history of prior discipline and had made full and free disclosure to the board and exhibited a cooperative attitude toward the

disciplinary proceedings, submitted evidence of his good character and reputation, and had other sanctions imposed for his conduct. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6).

{¶ 17} In accord with the parties' recommendation, the board recommends that we publicly reprimand Gonzalez for his misconduct.

{¶ 18} We have publicly reprimanded sitting jurists for driving while under the influence of alcohol. *See, e.g.*, *Disciplinary Counsel v. Marshall*, 143 Ohio St.3d 62, 2015-Ohio-1187, 34 N.E.3d 110; *In re Complaint Against Resnick*, 108 Ohio St.3d 160, 2005-Ohio-6800, 842 N.E.2d 31. We have also publicly reprimanded sitting jurists for abusing the prestige of their office by making repeated nonresponsive statements about being a judge after they had been stopped for driving under the influence of alcohol. *See, e.g.*, *Disciplinary Counsel v. Doherty*, __ Ohio St.3d __, 2020-Ohio-1422, __ N.E.3d ___; *Disciplinary Counsel v. Williams*, 152 Ohio St.3d 57, 2017-Ohio-9100, 92 N.E.3d 859.

{¶ 19} After independently reviewing the record and relevant precedent, we agree that a public reprimand is the appropriate sanction in this case.

### Conclusion

{¶ 20} Accordingly, Alfonso Jesus Gonzalez is publicly reprimanded for the misconduct described above. Costs are taxed to Gonzalez.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Montgomery Jonson, L.L.P., and George D. Jonson, for respondent.

_____